NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TMP DIRECTIONAL MARKETING LLC, f/k/a TMP WORLDWIDE, INC., | |
| Plaintiff, | Hon. Harold A. Ackerman |
| – vs. – | Civil Action No. 06-04379 (HAA) |
| DONALD BETZ, individually and DONALD BETZ d/b/a GLASS DOCTOR, et al. | **OPINION AND ORDER** |
| Defendants. | |

Joshua H. Klapper, Esq.
KLAPPER & FASS
170 Hamilton Avenue, Suite 318
White Plains, New York 10601
*Attorney for Plaintiff*

Joel C. Seltzer, Esq.
1379 Morris Avenue
Union, New Jersey 07083
*Attorney for Defendants*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on Defendants' purported motion to remove (Docket No. 2) the instant action from the State Supreme Court of New York to this Court pursuant to 28 U.S.C. § 1441 and § 1446.[1]  For the purposes of removal jurisdiction, Defendants allege that they are only citizens of the State of New Jersey, and that Plaintiff is a citizen of the State of Wisconsin and authorized to do business in the State of New York.  In this contract dispute,

---

[1] Although Defendants rely exclusively on the federal removal statutes, 28 U.S.C. § 1441 and § 1446, Defendants also characterize the instant motion as one for transfer or, in the alternative, as one seeking dismissal based on improper venue.  Neither alternative is applicable.

Plaintiff seeks $171,684.01 for unpaid advertising services rendered to Defendants, and Plaintiff's Complaint asserts no federal claims. Defendants therefore remove this case on the basis of this Court's diversity jurisdiction. 28 U.S.C. § 1332.

The removal jurisdiction of the federal courts is derived from statutory authorization. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*." *Id.* (emphasis added). Additionally, § 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file *in the district court of the United States for the district and division within which such action is pending* a notice of removal . . . ." *Id.* (emphasis added). If an action was improperly removed due to lack of federal jurisdiction, then the matter may be remanded to state court pursuant to 28 U.S.C. § 1447. Under § 1447(c), "[a] motion to remand . . . on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."

In order to complete removal of a case, it is not necessary for a defendant to file a motion or secure an order from either the state or federal court. *See* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure*, § 3730 (3d ed. 2006). Instead, a defendant must only file a notice of removal. In the notice of removal, the defendant need only state the grounds for removal. *Id.*; 28 U.S.C. § 1446(a). After filing in federal court, the defendant must provide notice to the plaintiff and file a copy of the notice of removal with the state court in which the action originated. 28 U.S.C. § 1446(d).   In accordance with 28 U.S.C. § 1447(c), a plaintiff may challenge the propriety of the removal by filing a motion to remand. As

the party invoking federal jurisdiction, the defendant bears the burden of demonstrating the appropriateness of removal. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d. Cir. 1990).

In the instant matter, Plaintiff filed a civil action against the Defendants in the State Supreme Court of New York. Defendants assert that diversity of jurisdiction exists between the parties, and now moves before this Court for removal pursuant to 28 U.S.C. § 1441 and § 1446. For reasons discussed above, no motion is necessary; this action has been removed. Accordingly, Defendants' Motion to Remove is unnecessary, and will be denied as moot.

However, this Court notes that it is in the District Court for the district embracing the State of New Jersey, not the State of New York. *See* 28 U.S.C. § 1441(a); § 1446(a). Plaintiff, therefore, may file any motions it deems warranted.

### *Conclusion*

For the foregoing reasons, Defendants' Motion to Remove (Docket No. 2) is hereby DENIED AS MOOT.


Dated: November 16, 2006
Newark, New Jersey

                                                s/ Harold A. Ackerman
                                                U.S.D.J.